**Form 3015-1 - Chapter 13 Plan**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:
**Jeffrey Charles Corrigan**

DEBTOR

*In a joint case, debtor means debtors in this plan.*

**CHAPTER 13 PLAN-MODIFIED**

Dated: **June 29, 2017**

Case No. **17-50224**

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE —**
   a. As of the date of this plan, the debtor has paid the trustee $ **2,400.00** .
   b. After the date of this plan, the debtor will pay the trustee $ **1,400.00** per **Month** for **58** months, **beginning July 2017**, for a total of $ **81,200.00** . The minimum plan payment length is __ 36 or **X** 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee __
   d. The debtor will pay the trustee a total of $ **83,600.00** [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE —** The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **8,360.00** , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] —** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

   | *Creditor* | *Monthly Payment* | *Number of Months* | *Total Payments* |
   |---|---|---|---|
   | a. **Regional Acceptance Co** | $ 320.46 | 2 | $ 640.92 |
   | b. **Santander Consumer Usa** | $ 168.00 | 2 | $ 336.00 |
   | c. TOTAL | | | $ 976.92 |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] —** The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

   | *Creditor* | *Description of Property* |
   |---|---|
   | -NONE- | |

5. **CLAIMS NOT IN DEFAULT —** Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

   | *Creditor* | *Description of Property* |
   |---|---|
   | -NONE- | |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)] —** The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

   | *Creditor* | *Amount of Default* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
   |---|---|---|---|---|---|
   | a. **Phh Mortgage Services** | $ 863.05 | $ 23.97 | 1 | 36 | $ 863.05 |
   | b. TOTAL | | | | | $ 863.05 |

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ] —** The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

   | *Creditor* | *Amount of Default* | *Int. rate (if applicable)* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
   |---|---|---|---|---|---|---|
   | -NONE- | $ | | $ | | | $ |
   | a. TOTAL | | | | | | $ 0.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| | Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) | x (No. of Pmnts) = | Pmnts on Account of Claim + | (Adq. Prot. from ¶ 3) = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|
| a. | Regional Acceptance Co | $ 32,046.00 | $ 32,046.00 | 5.25 | 3 | $ 618.35 | 58 | $ 35,864.28 | $ 640.92 | $ 36,505.20 |
| b. | Santander Consumer Usa | $ 26,678.00 | $ 26,678.00 | 6 | 3 | $ 527.75 | 58 | $ 30,609.60 | $ 336.00 | $ 30,945.60 |
| c. | TOTAL | | | | | | | | | $ 67,450.80 |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. ***The amounts listed are estimates.*** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | **Attorney Fees** | $ 3,500.00 | $ 568.00 | 1 | 2 | $ 3,500.00 |
| b. | **Internal Revenue Service** | $ 2,461.49 | $ 87.56 Pro rata | 3 Pro rata | 27 Pro rata | $ 2,461.49 |
| c. | **MN Dept of Revenue** | $ 227.00 | $ Pro rata | Pro rata | Pro rata | $ 227.00 |
| d. | TOTAL | | | | | $ 6,188.49 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:  **-NONE-**
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates.*

| | Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | $ |
| a. | TOTAL | | | | | | $ 0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **737.66**   [line 1(d) minus lines 2, 6(b), 7(a), 8(b), 9(d) and 10(a)].

   a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0.00** .

   b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **12,272.00** .

   c. Total estimated unsecured claims are $ **12,272.00**   [line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under  ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10 or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS** —

   **Regional Acceptance and Santander: Creditor(s) will release liens upon payment of the secured portion of the creditor's claim and debtor's discharge.**

   **Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Paragraph 11 above.**

   **A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtor(s) for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.**

   **The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed.  If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $1,200 for a single**

**filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**

**Late filed claims are subject to objection per 11 U.S.C. §502(b)(9).**

14. **SUMMARY OF PAYMENTS** —

| | |
|---|---:|
| Trustee's Fee [Line 2] | $ 8,360.00 |
| Home Mortgage Defaults [Line 6(b)] | $ 863.05 |
| Claims in Default [Line 7(a)] | $ 0.00 |
| Other Secured Claims [Line 8(c)] | $ 67,450.80 |
| Priority Claims [Line 9(d)] | $ 6,188.49 |
| Separate Classes [Line 10(a)] | $ 0.00 |
| Unsecured Creditors [Line 11] | $ 737.66 |
| **TOTAL [must equal Line 1(d)]** | $ **83,600.00** |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
**William P. Kain 143005**
**Kain & Scott, PA**
**13 7th Avenue South**
**St. Cloud, MN 56301**
**320-252-0330**
**143005**

Signed  **/s/ Jeffrey Charles Corrigan**
**Jeffrey Charles Corrigan**
DEBTOR

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:                                             Bkty. Case No: 17-50224

Jeffrey Charles Corrigan,

        Debtor.

_____

**NOTICE OF CONFIRMATION HEARING**

PLEASE TAKE NOTICE that the Confirmation Hearing on the Chapter 13 Plan is scheduled July 17, 2017 at 9:00 a.m., at the U.S. Bankruptcy Court, U.S. Courthouse, Courtroom 2, 4th Floor, 515 West 1st Street, Duluth, Minnesota 55802.

Dated this 5th day of July, 2017.

                                                           KAIN & SCOTT, P.A.

                                                           /e/ WILLIAM P. KAIN-#143005
                                                           Attorney for Debtor
                                                           13 Seventh Avenue South
                                                           St. Cloud, Minnesota 56301
                                                           (320) 252-0330

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Jeffrey Charles Corrigan,

    Debtor.

Bky: 17-50224
Chapter 13

## UNSWORN CERTIFICATE OF SERVICE

    I, Sonja K. Quaintance, declare under penalty of perjury that on July 5, 2017 she caused to be served the Notice of Confirmation Hearing and Modified Chapter 13 Plan via the CM/ECF system to those parties requesting electronic notification and upon all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail.

Dated: July 5, 2017

/e/ Sonja K. Quaintance
Sonja K. Quaintance
Kain & Scott, P.A.

ADV COL PRO
PO BOX 353
CAMBRIDGE MN 55008

CAP1/POLRS
26525 N RIVERWOODS BLVD
METTAWA IL 60045

CAPITAL ONE BANK USA N
15000 CAPITAL ONE DR
RICHMOND VA 23238

DISCOVER FIN SVCS LLC
PO BOX 15316
WILMINGTON DE 19850

FIRST PREMIER BANK
601 S MINNESOTA AVE
SIOUX FALLS SD 57104

GURSTEL LAW FIRM, PC
6681 COUNTRY CLUB DRIVE
GOLDEN VALLEY MN 55427

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
PO BOX 7346
PHILADELPHIA PA 19101

LVNV FUNDING LLC
PO BOX 10497
GREENVILLE SC 29603

MIDLAND FUNDING
2365 NORTHSIDE DR STE 30
SAN DIEGO CA 92108

MN DEPT OF REVENUE
ATTN DENISE JONES
PO BOX 64447
SAINT PAUL MN 55164

PHH MORTGAGE SERVICES
1 MORTGAGE WAY
MOUNT LAUREL NJ 08054

REGIONAL ACCEPTANCE CO
3601 MINNESOTA DRIVE
BLOOMINGTON MN 55435

SANTANDER CONSUMER USA
PO BOX 961245
FT WORTH TX 76161

SHAPIRO & ZIELKE
12550 WEST FRONTAGE RD
SUITE 200
BURNSVILLE MN 55337

STEWART ZLIMEN & JUNGERS
PO BOX 131205
ROSEVILLE MN 55113-0011

REVISED 12/15

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re

Jeffrey Charles Corrigan

Case No. 17-50224

Debtor(s).

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[Individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 6-5-17

X _/s/ Jeffrey Corrigan_
Signature of Debtor 1 or Authorized Representative

X _____
Signature of Debtor 2

**Jeffrey Charles Corrigan**
Printed Name of Debtor 1 or Authorized Representative

Printed Name of Debtor 2